650 So.2d 417 (1995)
Donald A. SCAMARDO
v.
Heber E. DUNAWAY, Jr., M.D.
No. 94-CA-545.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 1995.
Rehearing Denied March 17, 1995.
*418 Robert C. Stern, Butler & Stern, Metairie, for appellant Donald A. Scamardo.
Rebecca S. Oser, Covington, for appellee Heber E. Dunaway, Jr., M.D.
Before DUFRESNE, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff/appellant, Donald A. Scamardo, appeals from a judgment dismissing his action for infliction of emotional distress based on a Peremptory Exception Of No Cause Of Action filed by defendant/appellee, Heber E. Dunaway, Jr., M.D. We affirm, but remand to allow for amendment of the pleadings.
On April 30, 1990, appellant filed a suit for emotional distress asserting that in 1988, he and his wife consulted with appellee, a specialist in the field of reproductive medicine, for the treatment of infertility. The petition stated that while she was being treated, Mrs. Scamardo and appellee engaged in an adulterous affair. As a result, Mrs. Scamardo abandoned the appellant and established a residence in close proximity to appellee. Appellant alleges that their actions caused him to seek a divorce since the marriage had become insupportable. In the petition, he specifically asserts that appellee intentionally inflicted emotional distress on him, including but not limited to, 1) engaging in an adulterous affair while outwardly treating Mrs. Scamardo for problems associated with infertility and the inability of the Scamardos to conceive a child; 2) aiding, abetting and encouraging her to engage in the adulterous affair under the guise of the physician/patient relationship; 3) inducing, encouraging or abetting Mrs. Scamardo to abandon the marital domicile and to establish a residence in close proximity to him; and 4) any other acts to be adduced at trial. In addition, the petition asserts that appellee knew that his conduct would cause severe emotional distress to appellant and/or knew that it was substantially certain to follow that the conduct would destroy the marriage and cause appellant mental anguish and emotional upset.
On May 21, 1993, appellee filed a Peremptory Exception Of No Cause Of Action. On January 20, 1994, the exception was taken up and "granted" and the judgment was read and signed on January 27, 1994.
Appellant filed another lawsuit for interference with the marriage contract.[1] In Scamardo v. Dunaway, 94-CA-97 (La.App. 5th Cir. 5/31/94), 638 So.2d 466, this court affirmed a judgment dismissing appellant's action for interference with the marital contract, because Louisiana law does not provide a cause of action for alienation of affection.
On appeal, appellant contends that the trial judge erred because he concluded that the claim for alienation of affection and infliction of emotional distress were indistinguishable. He cites the caselaw on intentional infliction of emotional distress and argues that the conduct of appellee fits the criteria of outrageous conduct set forth in White v. Monsanto, 585 So.2d 1205, 1209-1210 (La. 1991) as a prerequisite to recovery. He also asserts that recovery is available for the negligent infliction of emotional distress, citing Vallery v. Southern Baptist Hospital, 630 So.2d 861 (La.App. 4th Cir.1993). Appellant argues that he should not be given less protection *419 than any other citizen simply because extreme emotional distress was inflicted upon him in a marital setting. He contends that this action is not the same as the interference with the marital contract claim, but instead is a separate cause of action and must be judged independently on its own merits.
Appellee responds that appellant has failed to state a cause of action because the claim is the same as the one filed for interference with the marriage contract or alienation of affection. He contends that all jilted spouses suffer emotional distress. Appellee argues that while it may be unfortunate, in our society, divorce as a result of adultery is not unusual and that the mental anguish resulting from that is part and parcel of the alienation claim. Furthermore, he contends that the petition fails to set forth facts which would support the claim for intentional or negligent infliction of emotional distress, but argues nonetheless that, since the latter is inseparable from the excluded claim for interference with the marriage, the trial judge correctly granted the exception.

INFLICTION OF EMOTIONAL DISTRESS
Louisiana law recognizes a cause of action for both intentional and negligent infliction of emotional distress. In White v. Monsanto at 1209-1210, the Louisiana Supreme Court discussed the conduct which would give rise to recovery for intentional infliction of emotional distress.
Drawing on the background described, including consideration of Article 2315 and duty-risk principles, we affirm the viability in Louisiana of a cause of action for intentional infliction of emotional distress, generally in accord with the legal precepts set forth in the Restatement text and comments.
One who by extreme and outrageous conduct intentionally causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm. (FN4)
Thus, in order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.

The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind ...
White at 1209. (Emphasis added).
The court went on to state that:
The extreme and outrageous character of the conduct may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests. Restatement, supra, comment e, Sec. 46....
The distress suffered must be such that no reasonable person could be expected to endure it. Liability arises only where the mental suffering or anguish is extreme. Restatement, supra, comment j, Sec. 46. See Lejeune v. Rayne Branch Hosp., supra, [556 So.2d 559] at p. 570 [(La.1990)].
The defendant's knowledge that plaintiff is particularly susceptible to emotional distress is a factor to be considered. But the mere fact that the actor knows that the other will regard the conduct as insulting, or will have his feelings hurt, is not enough. Restatement, supra, comment f, Sec. 46. It follows that unless the actor has knowledge of the other's particular susceptibility to emotional distress, the actor's conduct should be judged in the light of the effect such conduct would ordinarily have on a person of ordinary sensibilities.
Liability can arise only where the actor desires to inflict severe emotional distress or where he knows that such distress is *420 certain or substantially certain to result from his conduct. Restatement, supra, comment i, Sec. 46. The conduct must be intended or calculated to cause severe emotional distress and not just some lesser degree of fright, humiliation, embarrassment, worry, or the like.
White at 1209-1210. (Emphasis added).
The White case arose in the context of the workplace and involved the question of the intentional infliction of emotional distress. The Louisiana Supreme Court has limited recovery for negligent infliction of emotional distress to cases involving the "especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." Moresi v. Dept. of Wildlife and Fisheries, 567 So.2d 1081, 1096 (La.1990); Vallery v. Southern Baptist Hospital, 630 So.2d 861, 866 (La.App. 4th Cir.1993).

ALIENATION OF AFFECTION
In Moulin v. Monteleone, 165 La. 169, 115 So. 447 (1927), after an in-depth analysis of the state of the law and societal policies, the Louisiana Supreme Court determined that there is no cause of action in this state for alienation of affection for several reasons. It is still the law in this state. Butler v. Reeder, 573 So.2d 1159 (La.App. 5th Cir.1991).
We first note that Moulin was written in 1927. Some of the reasons cited by the court have since been modified by positive law or jurisprudence. However, the result is still law and the analysis is pertinent to deciding whether the infliction of emotional distress tort remedy under La.C.C. art. 2315 is distinguishable from the action for alienation of affection or interference with the marital contract.
The first reason, given by the court in Moulin for denying the remedy to the plaintiff husband in that case, was that money damages for the alienation of affection is exemplary or punitive in nature and punitive damages were, then as now, not authorized in civil cases (except that now they are authorized in certain legislatively provided instances). Moulin, 115 So. at 448-449. Second, the civil law system treats the marriage as a civil contract and damages for interference with contract was not permitted. Id. at 449-450. That proposition has only been modified in a limited fashion in recent years.[2]
In Moulin, the court reviewed the history of the claim for alienation of affection. It noted that the concept of alienation of affection arose as a common law remedy, given only to the husband, not the wife or children. Judge O'Neil, the writer, stated that the concept was based on the obsolete idea that a wife was the chattel of the husband. Id. at 450.
The third reason given in Moulin was that, under the civil law, in the absence of a statute conferring the right, there existed no right of action for the loss of the services, support, companionship or affection of a human being because no one has a property right in the affections of another. Id. at 451. Again, this principle has been modified in recent years. The court then analyzed the development of La.C.C. art. 2315, noting that under Roman and Spanish law there was no remedy for alienation of affections. Under Roman and Spanish law, a man who attempted to seduce or corrupt the morals of a woman was answerable in damages to her, but not to her husband or other relations. Id. at 451. The court feared that to allow recovery for such an action "might tend more to encourage blackmail, than to protect the home". Id. at 457.
In comparing the two theories of recovery, we find that they are distinguishable. Neither the policies nor legal principles giving rise to the claims or framing the rights are the same. Although both have the emotional distress of plaintiff as a primary element of damages, and thus, may appear to overlap, the infliction of emotional distress is a separate, recognizable tort. The law does not limit the action to non-marital situations. However, the mere seduction and loss of one's spouse due to the seduction or affair cannot be the basis for the action. There must be proof that defendant violated some legal duty to plaintiff, so that plaintiff is in fact the victim and not just the jilted party. Further, the burden of proof of outrageous *421 conduct is a heavy one. Otherwise, the cause of action is for alienation of affections, which is not legally recognized in this state.
In Greene v. Roy, 604 So.2d 1359 (La.App. 3rd Cir.1992), writ denied 607 So.2d 544 (La. 1992), the Third Circuit was faced with the claim of alienation of affection, coupled with a claim for intentional infliction of emotional distress. The court there determined that the petition failed to allege facts to support the intentional requirement. Notably, it did not hold that there was no cause of action for intentional infliction of emotional distress in all marital cases. Thus, we hold that appellant here does have a cause of action for negligent or intentional infliction of emotional distress.

PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION
In Dufour v. Westlawn Cemeteries, Inc., 639 So.2d 843, 846 (La.App. 5th Cir.1994), we stated:
The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., et al., 616 So.2d 1234 (La.1993); Pelican Publishing Company v. Wilson, 626 So.2d 721 (La.App. 5th Cir.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. art. 931; Pelican at 723. In deciding the exception, the court must accept the well-pleaded allegations of fact as true. Id. at 723. The issue at trial is whether, on the face of the petition, plaintiff is legally entitled to the relief sought. Id. at 723.
In this case, the petition submitted by appellant does not plead facts sufficient to support a claim for intentional or negligent infliction of emotional distress. It simply asserts facts which would give rise to alienation of affection. The facts are sparse or non-existent as to appellee's specific duty to appellant and, beyond mere seduction, express the conclusion that "the conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." White at 1209.
Because this case involves the doctor/patient relationship, in which both husband and wife sought the services of the physician, we recognize that appellant may have an individual cause of action for negligent or intentional infliction of emotional distress and might be able to amend the petition to reflect such a cause of action. That cause of action may be for either negligent or intentional infliction of emotional distress, if he can successfully carry the heavy burden set forth in White. We note that a tort arising from the negligent breach of a duty owed by a physician to a patient generally falls exclusively within the Medical Malpractice Act, La.R.S. 40:1299.44 et seq., whereas, intentional acts generally do not fall within the Medical Malpractice Act. In either case, appellant may be able to assert facts to support a cause of action in ordinary tort and/or medical malpractice.
Under La.C.C.P. art. 934, appellant is entitled to an opportunity to amend, if it appears from the petition that he may be able to do so. Thus far, he has not had the opportunity. Whether or not he can amend sufficiently to assert a cause of action is not for us to decide at this stage of the proceedings. Thus, although we find that the trial judge did not err in dismissing the action based on a peremptory exception of no cause of action, we further find that appellant should be given an opportunity to amend.

ANSWER TO THE APPEAL BY APPELLEE
Appellee filed an answer to the appeal asking for attorney fees and costs. Attorney fees are not recoverable unless permitted by statute or contract. In this case, there is neither statutory authority or a contract which would authorize the award of attorney fees. Consequently, we find that appellee is not entitled to a judgment awarding attorney fees.
Appellee further requests an award of costs. La.C.C.P. art. 1920 states that:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.

*422 Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
Both the trial and appellate courts are vested with discretion in the apportionment of costs. La.C.C.P. art. 1920; La.C.C.P. art. 2164; Clement v. Clement, 554 So.2d 292, 293 (La.App. 5th Cir.1989). When the judgment is silent as to costs, however, C.C.P. art. 1920 requires the court to assess the costs against the party cast in judgment. Id. at 293.
The judgment here is silent as to costs. Appellee was the prevailing party. Thus, he is entitled to an award for costs at trial and the judgment will be amended to reflect the award of costs against appellant. Further, we will award costs of appeal against appellee since we are remanding to afford appellant the opportunity to amend.
Accordingly, we hereby affirm the judgment granting the Peremptory Exception Of No Cause Of Action, but amend the judgment to assess costs against appellant. We hereby remand the case to the trial court for the trial judge to allow appellant to amend the petition, within delays to be set forth by the trial judge.
Costs of appeal are to be paid by appellee.
AFFIRMED AND REMANDED.
NOTES
[1] A statement was made in argument that a suit for medical malpractice was also filed, but there is no evidence of this fact in the record.
[2] See: 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989).