laREMY CHIASSON, Judge Pro Tem.
Big Easy Roofing Co., Inc. brought suit against Sue Faris to recover $3,000.00 due on a contract to perform roofing work on Ms. Faris’ home in Kenner, Louisiana. Ms. Faris reconvened seeking to recover damages allegedly caused by poor workmanship on the part of Big Easy workers. The trial court rendered judgment in favor of Big Easy in the amount of $2,250.00 plus judicial interest, costs and attorney fees of $250.00. Faris appeals.
On July 13, 1994, Sue Faris and Big Easy executed a contract whereby Big Easy was to perform certain roof repairs on Faris’ Ken-ner home. The contract price was $3,500.00. Ms. Faris placed a $500.00 deposit on account with the $3,000.00 balance due upon completion of the job. The contract provided the following work would be performed:
Remove existing shingle roof;
Install One ply 15 pound roof felt;
Install new 25 Gen-Star Driftwood [shingle];
Woodwork included;
*2 One wind blown turbine included;
Renail gutters as necessary.
Upon completion of the work Big Easy requested payment. Ms. Faris refused to pay alleging the roof leaked causing water damage; the workers caused cracks in a beam and ^interior walls; gutters were not renailed properly; rotten wood was not replaced; and plywood placed on top of the air condition compressor caused the compressor to burn up. Thereafter, Big Easy filed a Labor and Materialman’s lien and, subsequently, filed this lawsuit to recover the amount owed. After trial, the court rendered judgment in favor of Big Easy as set forth above.
On appeal, Ms. Faris contends her trial attorney failed to offer testimony and exhibits to support her case. She has attached numerous items to her brief for our consideration. However, evidence not offered in the trial court cannot be considered by this court on appeal. Coleman Adler & Sons, Inc. v. Waggoner, 538 So.2d 1131 (La. App. 5th Cir.1989).
Additionally, Ms. Faris argues LSA CC Art 2520,[1] Warranty against Redhibitory Defects, is applicable to her claim. However, Ms. Faris does not contend and there is no evidence that the roofing shingles were defective; only that the workmanship was poor. Thus, redhibition does not apply to this matter.
The standard of appellate review was set forth by the Supreme Court in Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) and more recently restated in Lewis v. State Through Dept. Of Transp. and Development, 654 So.2d 311, 94-2370 La. 4/21/95, (La.1995). In Lewis, the Supreme Court stated:
An appellate court may not set aside a trial court’s or jury’s findings of fact in absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989).
In Mart v. Hill, 505 So.2d 1120 (La.1987), this court stated the two-tier test for reversal on appellate review:
(1) [t]he appellate court must find from the record that a reasonable factual basis does not exist for the finding of the 14trial court, and
(2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
A reviewing court must do more than simply review the record for evidence which supports or controverts the trial court’s findings. It must review the record in its entirety to determine whether the fact finder’s (trial court) conclusions were reasonable. Even when an appellate court may feel that its own evaluations are more reasonable than the fact finder’s, reasonable determinations and inferences of fact should not be disturbed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106 (La.1990) this court stated “the appellate court’s disagreement with the trial court, alone, is not grounds for substituting its judgment for that of the trier of fact,” citing Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983).
Additionally, a reviewing court must keep in mind that if a trial court’s or jury’s findings are reasonable based upon the entire record of evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed evidence differently. Housley v. Cerise, 579 *3 So.2d 973 (La.1991). In Stobart supra, it was stated that the basis for this well settled principle of review is grounded not only upon the trial court’s better capacity to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts. Where there are two permissive views of evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.
Trial testimony showed Big Easy workers checked the plywood decking on the roof for rot and found it to be acceptable. However, evidence showed two small corners of the roof decking were rotten and needed repairing. The workers properly installed felt paper and roofing shingles as the finished product does not leak; however, they failed to properly clean the area after completing their work. Additionally, other areas of the house had rotten wood but these areas were not part of the roof and clearly not contemplated to fall under the roofing contract.
The evidence also showed Big Easy recommended Faris replace the gutters because they were in poor condition. However, Fans determined she only wanted the gutters re-nailed. Although this may not have been the best way to fix the gutter problem, Big Easy renailed the gutters as requested by Ms. Faris. Big Easy can not be required under these facts to remove the gutters completely and then reinstall them.
jyAlthough there is testimony by the homeowners that interior water damage and interior cracks in the family room were caused by Big Easy workmanship, evidence was also presented tending to show that Big Easy workers did not cause these problems and that they may have existed before the roof work began. Additionally, the only evidence of damage to the air condition compressor was Faris’ testimony that the compressor no longer worked due to workmen covering the exhaust with plywood. No repair or replacement invoices were introduced. Based on the record before us, we cannot say the trial court’s decision to reject these contentions is clearly wrong.
Finally, we find the trial court’s award to Big Easy of $750.00 less than the amount owed under the contract is fully supported by the record. Obviously, the trial court reduced the total amount due under the contract based on Faris’ testimony concerning incomplete or poor workmanship as outlined above. We cannot say the reduction of only $750.00 was error.
Finally, we note that this is a suit on a contract and not an open account. Because neither the contract or any statute authorizes the award of attorney fees, the trial court erred in awarding Big Easy an attorney fee of $250.00. Scamardo v. Dunaway, 650 So.2d 417, 94-CA-545 (La.App. 5th Cir. 2/15/95). Thus, the attorney fee award is vacated.
DECREE
For the foregoing reasons, we amend the trial court judgment to vacate the award of attorney’s fees to Big Easy. In all other respects, the judgment is affirmed. Each party to bear their respective appeal costs.

AFFIRMED AS AMENDED.

. LSA-C.C. Art. 2520: Warranty against redhibi-tory defects
The seller warrants the buyer against redhibi-tory defects, or vices, in the thing sold.
The defect is redhibitory when it renders the thing useless or it its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.