694 So.2d 1041 (1997)
Donald SCAMARDO
v.
Heber E. DUNAWAY, Jr., M.D.
No. 96-CA-1036.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 1997.
*1042 Robert C. Stern, Barbee & Stern, New Orleans, for Plaintiff/Appellant.
Rebecca S. Oser, Jill E. Leeber, Covington, for Defendant/Appellee.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
Plaintiff, Donald A. Scamardo appeals the trial court's grant of defendant, Heber E. Dunaway, Jr.'s, exception of no cause of action on a finding that plaintiff did not satisfy the requirements for a cause of action of intentional infliction of emotional distress under the requirements of White v. Monsanto Co., 585 So.2d 1205 (La.1991). For the following reasons, we affirm.
On April 30, 1990 appellant filed a suit for intentional infliction of emotional distress. Plaintiff alleged that while his then wife, Kim Scamardo, was being treated by defendant for problems associated with infertility, defendant engaged in an adulterous affair with her causing her to divorce plaintiff and causing plaintiff's emotional distress.
Defendant, in response to the petition, filed a peremptory exception of no cause of action which the trial court sustained on January 27, 1994. This court affirmed the trial court judgment. However, we remanded the case to allow the plaintiff an opportunity to amend his petition to state a valid cause of action. Scamardo v. Dunaway, 94-545 (La. App. 5th Cir. 2/15/95), 650 So.2d 417.
Plaintiff filed his amending petition on March 30, 1995. Defendant filed an exception of no cause of action to the amended petition which the trial court granted on May 16, 1996. It is this judgment which the plaintiff appeals.
In our prior decision in this case we stated that plaintiff's original petition did not plead facts sufficient to support a claim for intentional infliction of emotional distress. Although certainly the plaintiff experienced emotional distress in this situation, "the mere seduction and loss of one's spouse due to the seduction or affair cannot be the basis for the action." Scamardo v. Dunaway, 94-545 (La. App. 5th Cir. 2/15/95), 650 So.2d 417 at 420.
White v. Monsanto, 585 So.2d 1205 (La.1991) discusses the conduct which would give rise to recovery for emotional distress. In order for a plaintiff to recover under this theory he must establish:
1) that the conduct of the defendant was extreme and outrageous; 2) that the emotional distress suffered by the plaintiff was severe; and 3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.
The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. White at 1209
This burden, as we stated in the previous case, is a heavy one. In order for the plaintiff to successfully amend his petition to state a cause of action he would have been required to assert facts establishing defendant's specific duty to the plaintiff and "beyond mere seduction, express the conclusion that the conduct was so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." White at *1043 1209. Scamardo v. Dunaway, 94-545 (La. App. 5th Cir. 2/15/95), 650 So.2d 417 at 421.
Plaintiff, in his amended petition, failed to meet this burden. Plaintiff attempts in the amendment to the petition to state that the defendant abused his petition of authority with the plaintiff, and intentionally inflicted emotional distress upon the plaintiff. His allegations however, are still based upon the underlying fact of the adulterous relationship between the defendant and plaintiff's ex-wife, the same set of facts which we held previously to be insufficient to support a claim for intentional or negligent infliction of emotional distress. Plaintiff fails in his amended petition to allege any further facts which could show the defendant's intention to harm the plaintiff. Nor does he show any additional facts which show the defendant's violation of the doctor/patient relationship in such a manner to meet the "extreme and outrageous" requirement of White.
Plaintiff further suggests that it is incumbent upon this court to remand this petition to the district court in accordance with La. C.C.P. Art. 934, offering him yet another opportunity to amend his petition. However, the initial amendment of the petition allowed by this court in response to the first exception of no cause of action fulfilled the requirements of Article 934. "Allowing further amendments by plaintiff would merely be an invitation to plaintiff to engage in speculative pleading." Wilkins v. Hogan Drilling Co., Inc., 424 So.2d 420 (La.App. 2 Cir.1982).
For the aforementioned reasons, we affirm the judgment of the trial court sustaining defendant's exception of no cause of action.
AFFIRMED.