I2GOTHABD, Judge.
Defendant, Dan C. Frisard, appeals a judgment of the trial court which maintains a no cause of action exception to Frisard’s reconventional demand. For reasons that follow, we affirm.
This matter began with the filing of a petition for damages against Dan Frisard by Jo Ann and Louis Ulmer. In that petition, the Ulmers assert claims against Frisard which include defamation, libel, slander, malicious prosecution, harassment, and intentional infliction of emotional distress. Frisard and his wife, Kim Frisard[1], filed a pro se reconventional demand against the Ulmers and their attorney, Lindsey Ladouceur, for, “chronic willful, intentional infliction of legal harassment, inflicting unnecessary mental and emotional stress, physical and mental disabilities, and unnecessary attorneys (sic) fees and court costs upon both plaintiffs, particularly since March 1995”. The Ulmers and Ladouceur filed exceptions of no |3cause of action to the reconventional demand. The trial court granted the exception filed by Ladouceur.[2] Frisard appeals.
The facts, as gleaned from pleadings contained in this designated record, show that the Frisards purchased a home from the Ulmers in Kenner, Louisiana in 1984. Because of a misrepresentation of lot size in the sale, Frisard obtained a judgment in 1986 entitling him to the return of his deposit together with a like amount as a penalty.
*1048 According to assertions made in the Ul-mers’ petition, Frisard sought to execute on the judgment against the Ulmers by foreclosing on real property they owned in St. Tammany Parish. About that same time, the Ulmers filed a Chapter 13 bankruptcy proceeding, which was voluntarily dismissed by claimant about nine months later on December 14,1989.
Subsequently, in 1990, Frisard executed on the judgment by seizing and selling Jo Ann Ulmer’s 1/2 undivided interest in the St. Tammany Parish home. The Ulmers maintain that the judgment executed upon was erased, canceled, and fully satisfied by that foreclosure proceeding.
The Ulmers apparently filed four bankruptcy proceedings, at least three of which appear to have been pending at the same time. With the limited information contained in this designated record it is impossible to ascertain the reason for the numerous filings. At any rate, it appears that the Ulmers obtained a discharge of Frisard’s debt in bankruptcy court, and a discharge in bankruptcy on March 12, 1992. According to the allegations in the Ulmers’ petition in the instant action, Frisard continued to file pleadings in bankruptcy court seeking to revoke the discharge with allegations of bank fraud, bankruptcy fraud, concealment of assets, |4perjury, and misrepresentation to the court, for which the bankruptcy court sanctioned Frisard. Frisard also made complaints of fraud against Jo Ann Ulmer to the United States Attorney’s Office, prosecution of which has been declined. It is these allegations which form the basis of the Ulmers’ suit against Frisard.
In his lengthy reconventional demand, Fri-sard makes numerous allegations against the Ulmers which will not be discussed in this opinion since the only issue here is the appropriateness of the grant of the exception of no cause of action filed by Ms. Ladouceur, the Ulmers’ attorney. The sole issue presented to this court is whether the Frisards have stated a cause of action against Ladouc-eur.
The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., et al., 616 So.2d 1234 (La.1993); Scamardo v. Dunaway, 94-545 (La.App. 5 Cir. 2/15/95), 650 So.2d 417. In considering the exception of no cause of action, the court may accept no evidence to support or controvert the exception. All factual allegations contained in the petition must be accepted as true, and the exception may be sustained only if no remedy is afforded at law under the allegations asserted. LSA-C.C.P. art. 931; Penalber v. Blount, 550 So.2d 577 (La. 1989).
The Louisiana Supreme Court, recognizing the duty of an attorney to zealously represent his client, and the adversary nature of litigation, explained in Penalber v. Blount, supra, 550 So.2d at 581:
Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client’s adversary when acting in his client’s behalf. A non-client, therefore, generally cannot hold his adversary’s attorney personally liable for either malpractice or negligent breach of a professional |6obligation. The intent of this rule is not to reduce an attorney’s responsibility for his or her work, but rather to prevent a chilling effect on the adversarial practice of law and to prevent a division of the loyalty owed a client.
Nonetheless, the court in Penalber held that intentionally tortious actions, ostensibly performed for a client’s benefit, will not shroud an attorney with immunity.
In Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127, the Supreme Court observed that identifying an intentional tort in the context of an attorney’s actions may be more difficult than identifying a traditional intentional tort. To state a cause of action against an adversary’s attorney, one must allege facts showing specific malice or an intent to harm on the part of the attorney in persuading his client to initiate and continue the suit. The mere filing of a lawsuit, even if the suit appears meritless on its face, is not enough, since the attorney may be *1049 simply the instrument through which the client invokes judicial determination. Id.
The allegations made against Ladouceur in the reconventional demand petition include an allegation that she negotiated in bad faith and that she stated, “I’m going to clean your clock” when Frisard refused to sign her proposed settlement. Frisard’s petition also asserts that Ms. Ladouceur telephoned him to make threats of continued litigation and financial ruin. According to Frisard, Ladouc-eur also promised Frisard that, “he would be a person in the book of legal cases she was going to write, as a person who opposed the bankruptcy of another person and who was ironically forced by Ms. Ladouceur into bankruptcy himself’. Frisard maintains that he was unable to sleep for 72 hours after that threat; and as a result, he decided to dismiss his opposing litigation in bankruptcy court without any concessions from the Ulmers. Frisard also alleges that he sustained a nervous breakdown that evening in the presence of several family members. The petition continues to relate that Frisard received a demand letter from Ms. Ladouceur and | ¡¡notice of the subsequent filings of two lawsuits on behalf of the Ulmers, both of which he maintains are frivolous and contain false allegations.
We have reviewed the allegations of Frisard’s petition and find that it fails to allege facts sufficient to state a cause of action in intentional tort against Ladouceur. Louisiana law recognizes a cause of action for intentional infliction of emotional distress. The Louisiana Supreme Court discussed the conduct which would give rise to recovery for such a claim in White v. Monsanto, 585 So.2d 1205, 1209 (La.1991):
One who by extreme and outrageous conduct intentionally causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.
Thus, in order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.
The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.
Upon review of the allegations contained in the reconventional demand, we find no behavior which was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency. While the alleged actions of the attorney in this matter show the acrimonious nature of the litigation between the parties, it is not actionable. The petition submitted by Frisard does not plead facts ^sufficient to support a claim for intentional infliction of emotional distress against an adversary’s attorney.
In part of the petition, Frisard makes an attempt to assert a cause of action for malicious prosecution. He asserts that Ladouceur,
filed litigation (Intervention Petition) on behalf of Mr. and Mrs. Ulmer in 22nd JDC-No.8916052 frivolously alleging absolute nullity of 1986 $17,000.00 24th JDC judgment and alleging false facts and claiming they had the right to a cause of action to question the Sheriffs auction in an attempt to reverse the Sheriffs sale of May 23,1990.
Then again in November 1995, as orally threatened on April 9, 1995, Ms. Ladouc-eur on behalf of Mr. and Mrs. Ulmer, filed in 24th JDC-No. 486-102, the case herein, a frivolous harassment suit alleging Dan Frisard of libel, slander and malicious prosecution of Mr. and Mrs. Ulmer in Bankruptcy Court.
However, the petition is deficient in that it was brought prior to a successful judgment *1050 in his favor in the underlying suits filed in the 22nd and the 24th Judicial District. It is well settled that a necessary element of the tort of malicious prosecution is the bona fide termination of the underlying judicial proceeding in favor of the party asserting malicious prosecution. Montalvo v. Sondes, supra; Johnson v. Pearce, 313 So.2d 812 (La. 1975); Robinson v. Goudchaux’s 307 So.2d 287 (La.1975). That rule should be applied with equal force to situations where a non-client files an intentional tort claim against his adversary’s attorney based on the filing of a pending lawsuit. Montalvo v. Sondes, supra, 637 So.2d at 131-132.
For the foregoing reasons, we affirm the trial court’s judgment sustaining the no cause of action exception brought by Lindsey Ladouceur. The matter is remanded to the trial court for further proceedings.
AFFIRMED AND REMANDED.

. Although Mrs. Frisard was not named as defendant in the defamation suit filed by the Ulmers against Dan Frisard, and there is no indication in the record that she was added as a defendant in a subsequent pleading, she is named as a plaintiff-in-reconvention.

. There is no indication in this designated record of a disposition of the exception filed by the Ulmers.