# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-545**


**RYAN WILLIAM PRICE, ET AL.**

**VERSUS**

**RANDY J. FUERST**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-5329
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**OSWALD A. DECUIR**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


**James B. Doyle**
**Law Office of James B. Doyle APLC**
**P. O. Box 5241**
**Lake Charles, LA 70606-5241**
**(337) 474-9989**
**Counsel for Plaintiff/Appellant:**
      **Ryan William Price**

**Steven W. Hale**
**Steven W. Hale & Associates, Inc.**
**1735 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-0612**
**Counsel for Defendant/Appellee:**
      **Randy J. Fuerst**

**J. Michael Veron**
**Veron, Bice, Palermo & Wilson, LLC**
**P. O. Box 2125**
**Lake Charles, LA 70602-2125**
**(337) 310-1600**
**Counsel for Defendant/Appellee:**
     **Randy J. Fuerst**

**DECUIR, Judge.**

Ryan Price, individually and on behalf of his two minor children, filed suit against Randy Fuerst for intentional infliction of emotional distress. The trial court maintained Fuerst's exception of no cause of action, denied Fuerst's motion for sanctions, and dismissed the suit. Price has appealed the judgment on the exception. Fuerst answered the appeal, alleging error in the denial of sanctions and requesting further sanctions for a frivolous appeal. For the following reasons, we affirm.

An exception of no cause of action will be maintained "only if it is clearly shown that the law affords no remedy for the grievances alleged, under the circumstances alleged, under any theory of the case." *Sanders v. Gore,* 95-660, p. 10 (La.App. 3 Cir. 7/10/96), 676 So.2d 866, 872, *writ denied*, 96-2072 (La. 11/15/96), 682 So.2d 762. In *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.,* 616 So.2d 1234, 1235 (La.1993), the supreme court described the court's task in considering an exception of no cause of action as follows: "[T]he court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought." Articulating the standard of review which governs an exception of no cause of action, the supreme court explained, "the appellate court and this Court should subject the case to *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition." *Fink v. Bryant*, 01-0987, p. 4 (La. 11/28/01), 801 So.2d 346, 349. *See also, J.M.Y. v. R.R.,* 08-805 (La.App. 3 Cir. 12/11/08), 1 So.3d 725.

In the case before us, the petition alleges certain facts which we accept as true for purposes of reviewing the exception of no cause of action. Price contends the defendant Fuerst was hired by Price's wife during a period of marital discord while

the couple was engaged in counseling in an effort to repair their marriage. Fuerst is an attorney and was hired by Brandy Price in his capacity as a divorce lawyer. Fuerst immediately filed suit for divorce and allegedly within a few weeks, as stated in Price's petition, "began an adulterous and inappropriate relationship with BRANDY while he was acting as her counsel of record, and in that capacity steered her away from reconciliation with her husband, and was an agent in the destruction of this family."

If true, the conduct described in the petition is egregious, professionally repugnant, and "ethically reprehensible," as similar conduct was characterized in *Sanders*, 676 So.2d at 872. The trial court described the alleged conduct as extreme and outrageous, noting that it would make for an obvious complaint to the bar association. The 1998 case of *In re Ashy,* 98-0662 (La. 12/1/98), 721 So.2d 859, provides a thorough discussion of the disciplinary actions that have been imposed on lawyers who enter into extramarital affairs with their clients.

Nevertheless, Louisiana law does not recognize a cause of action for intentional infliction of emotional distress based solely on allegations of an extramarital affair. The cause of action is similar to one for alienation of affection which has never been actionable in Louisiana. *See Moulin v. Monteleone*, 165 La. 169, 115 So. 447 (1927). Rather, the jurisprudence holds, "*the mere seduction and loss of one's spouse due to the seduction or affair cannot be the basis for the action. There must be proof that defendant violated some legal duty to plaintiff." Scamardo v. Dunaway,* 94-545, p. 8 (La.App.5 Cir. 2/15/95), 650 So.2d 417, 420. The law demands more than an affair, requiring the plaintiff "to assert facts establishing defendant's specific duty to the plaintiff." *Scamardo v. Dunaway, appeal after*

2

*remand,* 96-1036, p. 3 (La.App. 5 Cir. 4/29/97), 694 So.2d 1041, 1042, *writ denied,* 97-1395 (La. 9/5/97), 700 So.2d 517.  In *Viator v. Miller*, 04-1199, pp. 9-10 (La.App. 3 Cir. 4/27/05), 900 So.2d 1135, 1142-43, this court stated:

> Clearly, any damages arising from the sexual relationship between Heather and Judge Miller are not recoverable under Louisiana law. Understandably Michael experienced emotional distress in this situation, but "the mere seduction and loss of one's spouse due to the seduction or affair cannot be the basis for the action." *Scamardo*, 650 So.2d at 420 (emphasis omitted).  Although Michael, in addition, attempts to rest his claim on allegations of bad faith, detrimental reliance, civil fraud and other general tort law theories, an examination of the facts alleged in the petition clearly shows the basis of his claims rests on the adulterous relationship between Judge Miller and his ex-wife.  Except for the paternity allegations found in paragraphs 85 and 86 of the petition, the facts alleged in the petition are insufficient to support a claim for intentional or negligent infliction of emotional distress or any other claim based on the noted alternative theories.

(Footnotes omitted.)

Price urges this court to overturn long-standing jurisprudence against alienation of affection claims based on the fact that Fuerst's alleged conduct arose in the course of his legal representation of Brandy in her claim, or potential claim, against Price. While this argument certainly highlights the rationale behind the ethical rules which prohibit lawyers from engaging in affairs with their clients, it does not provide a basis for a private cause action against a lawyer by a non-client ex-husband.  Again, we quote from the *Viator* case:

> We note, as well, the petition contains allegations which refer to defendant's professional conduct as a lawyer.  Although Miller may have violated the Code of Professional Responsibility that governs his conduct as a lawyer, the mere violation of the Code does not give rise to civil liability.  The facts alleged in the petition are insufficient to support a claim that an attorney-client relationship ever existed between Michael and Miller.  Even if we were to conclude a *de facto* attorney-client relationship existed between Miller and Michael's ex-wife, the Louisiana Supreme Court stated in *Penalber v. Blount*, 550 So.2d 577, 578 (La.1989) "no cause of action lies in favor of a non-client under theories of malpractice and negligence because the

3

attorney owes no duty to the adversary of his client." In cases where the courts have recognized a cause of action against an attorney in favor of a non-client or a third-party beneficiary under the broad ambit of La.Civ.Code art. 2315, they have found the attorney knowingly violated a prohibitory law or intentionally engaged in a fraudulent act. *Id*. . . . [A]llegations that Miller intentionally had a sexual relationship with Michael's ex-wife, failed to disclose such, and later divulged it in a telephone conversation are insufficient to constitute legal fraud or a violation of any prohibitory law recognized in this state.

900 So.2d at 1143, footnote 2.

We conclude the allegations set forth in Price's petition are insufficient to state a cause of action for intentional infliction of emotional distress. Furthermore, we also find no cause of action on behalf of the minor children of Ryan and Brandy Price, following the legal rationale set forth in *Greene v. Roy*, 604 So.2d 1359 (La.App. 3 Cir.), *writ denied*, 607 So.2d 544 (La. 1992).

While we find the exception of no cause of action was appropriately maintained, we find no basis for an award of sanctions against the plaintiff or his counsel and affirm the trial court's denial of same. In filing his petition, Price sought to have existing law overturned, and he set forth before the trial court and this court legitimate arguments and thorough research to support his claim. We do not find the petition a sanctionable pleading even though we affirm its dismissal pursuant to the defendant's exception. Likewise, we do not view the plaintiff's appeal as frivolous and, therefore, decline to award damages on that basis.

The judgment of the trial court is affirmed. Costs of the appeal are assessed to the plaintiff.

**AFFIRMED.**

4