DUFRESNE, Judge.
Plaintiff, Janet Reed Clement, appeals from a trial court judgment which dismissed her rule to tax costs against her ex-spouse, Mark David Clement. The rule was related to payment of fees for a transcript used in an appeal of a child custody judgment and for an additional $204 in expenses incurred during the separation/divorce proceedings.
The issue on appeal is whether or not the trial judge abused his discretion in refusing either to tax the costs to defendant or to apportion the fees between the parties.
Plaintiff filed a petition for separation from bed and board on December 4, 1985. The petition was granted by “default” judgment on January 28, 1986. Among other things, the petition asked for, and the judgment granted, custody of the couple’s 18-month-old daughter to plaintiff. In July 1987, plaintiff filed a petition for divorce, based on the living separate and apart provisions of LSA-R.S. 9:302. That pleading also requested an increase in child support and permanent custody of the minor child. Defendant subsequently an *293 swered the petition. He further reconvened for sole custody and asked for the court to order psychological evaluations of all the parties. Thereafter, various rules were filed and the custody matter was continued pending submission of the psychological reports.
On July 12, 1988, plaintiff was qualified by the court to proceed in forma pauperis under the authority of LSA-C.C.P. arts. 5181 et seq. In September 1988 the custody hearing was held, following which custody was changed from plaintiff to defendant. That judgment assessed costs against plaintiff, but ordered defendant to pay them with the right to seek reimbursement from plaintiff. As child abuse had become an issue in the case, plaintiff filed a writ application to stay the trial court judgment and for an expedited appeal. Because of the allegations of abuse related to the father’s custody and the urgency that the court rule on the issue, plaintiff bypassed the forma pauperis procedures for ordering the trial transcripts. Her attorney paid the fees instead in order to receive the transcript faster.
As a result of plaintiffs efforts in this court, the writ application was granted but the child was placed with the Department of Health and Human Resources (DHHR) temporarily. In the expedited appeal, on October, 1988, this court reversed the trial court judgment, stayed all proceedings in the district court, remanded the case to the juvenile court for a hearing to determine whether the child was in need of care and maintained custody of the child with DHHR pending the juvenile court proceedings. We also ordered the child to be returned to her mother if the child was found not to be in need of care. The Louisiana Supreme Court thereafter denied the father’s application for writs.
No costs were assessed by the court when our opinion was rendered. Subsequently plaintiff filed her rule to tax the costs at issue here, which was denied by the trial court on April 27, 1989.
Plaintiff asserts she is entitled to have costs assessed against defendant for the transcript fees related to her successful appeal as well as for the $204 incurred prior to her status as a pauper. She bases her position on LSA-C.C.P. art. 1920 and C.C.P. arts. 5181 et seq.
C.C.P. art. 1920 provides that costs “shall, be paid by the party cast ...”, unless the judgment provides otherwise. In assessing the costs, the courts — both trial and appellate — are vested with discretion and may apportion them as they consider equitable. C.C.P. art. 1920; LSA-C.C.P. art. 2164; Courtney v. Winn-Dixie Louisiana, Inc., 447 So.2d 504 (La.App. 5 Cir. 1984). When a judgment, however, is silent as to who should pay the court costs, C.C.P. art. 1920 requires the court to assess the costs against the party cast in judgment. Lewis v. Macke Bldg. Services, Inc., 524 So.2d 16 (La.App. 5 Cir.1988).
Litigants who have insufficient means to prosecute or defend a claim may be relieved of the requirement to pay costs in advance, as they accrue, or of furnishing security. C.C.P. art. 5181. To do so, the party must be qualified by the court and given permission to proceed in forma pau-peris. The rights of the party permitted to proceed in thiá* manner include the right to receive a transcript and preparation of the record for appeal. LSA-C.C.P. art. 5185.
In this case, plaintiff was initially taxed with the payment of costs, although defendant was ordered to pay the costs with a right of reimbursement against plaintiff. That judgment was reversed in its entirety by this court in Clement v. Clement, No. 88-CA-761, October 27, 1988, not designated for publication. Since plaintiff was the successful party in the separation, divorce and custody proceedings, and since the appellate court judgment was silent as to costs, we find plaintiff is entitled to have all her costs assessed against defendant under C.C.P. art. 1920. Furthermore, her status as an indigent dictates the same result, insofar as the transcript fees are concerned, even though she bypassed the procedures for perfecting the appeal as a pauper, considering the nature of the case and urgency of the appeal.
Accordingly, the judgment is reversed insofar as it declines to tax costs against *294 defendant, Mack David Clement, for preparation of the appeal transcript $4,167, and for $204 related to the divorce and separation proceedings. The judgment is otherwise affirmed. All costs of this appeal are to be paid by defendant.
REVERSED IN PART; AFFIRMED IN PART.