769 So.2d 761 (2000)
LAW OFFICES OF ROBERT M. BECNEL, formerly doing business as Becnel, Landry & Becnel
v.
Penny B. ANCALE; Samuel Accardo, Jr.; Accardo, Edrington & Golden, A Professional Law Corporation; Bryan G. Duhé; and Duhé, Barnard & Perloff, P.C.
No. 00-CA-295.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2000.
*763 Diane K. Zink, LaPlace, Louisiana, Counsel for Law Office of Robert M. Becnel, formerly d/b/a Becnel, Landry & Becnel, Plaintiff-Appellant.
Richard L. Edrington, Samuel J. Accardo, Jr., Accardo, Edrington & Golden, LaPlace, Louisiana, Counsel for Accardo, Edrington & Golden, Defendant-Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES C. GULOTTA, Pro Tempore, and H. CHARLES GAUDIN, Pro Tempore.
JAMES C. GULOTTA, Judge Pro Tempore.
The plaintiff law firm appeals from the dismissal of its lawsuit for attorney's fees against the law firm of Accardo, Edrington and Golden, a Louisiana one and the law firm of Duhé, Barnard & Perloff, P.C.,[1] an Alabama one.
This lawsuit arises out of an employment contract between plaintiff, the attorney, and Penny Ancale, a client who was injured in Alabama. The client terminated Becnel's employment and thereafter employed the Accardo law firm which then employed the Duhé law firm in Alabama.
Plaintiff then intervened in the Alabama lawsuit filed by the Duhé firm on behalf of plaintiff's former client. In that intervention, plaintiff sought to assert its claim for attorney's fees and costs. The Alabama court dismissed plaintiff's intervention.
Subsequently, the client's suit was settled by the Alabama law firm. Thereafter, plaintiff filed suit against the Accardo defendant, the Louisiana law firm and the Duhé, co-defendant, the Alabama law firm, asserting its rights for attorney's fees and costs. The Accardo firm then deposited into the registry of the court the amount of the costs expended and claimed by plaintiff.
Thereafter, defendants filed exceptions of no cause and no right of action, and res judicata, and the Duhé law firm filed an exception of lack of jurisdiction over the person. The Alabama law firm's claim is that no minimal contact had been maintained in Louisiana and therefore Louisiana courts had no jurisdiction over it.
The trial judge sustained the exceptions of res judicata on behalf of both defendants and further maintained the exception of lack of jurisdiction over the Duhé law firm. Because of the trial judge's ruling, the exceptions of no right or cause of action were never acted on.
Plaintiff, appealing, claims the judgment maintaining the plea of res judicata is erroneous for the reason that the matter, although it asserts a claim between the same parties involving the same cause of action and arising out of the same transaction, was not decided on the merits, but only on a jurisdictional plea. According to plaintiff, the Louisiana trial judge in our case erroneously relied on the denial by the Alabama trial judge of its petition to intervene in the Alabama lawsuit. Plaintiff claims that the Alabama order cannot serve as a basis for a plea of res judicata in the instant suit.
In connection with that part of the judgment, which sustains the Duhé, Alabama law firm's exception of lack of jurisdiction over the person, plaintiff claims that the minimal contact requirement for jurisdiction in this state was applicable. According to plaintiff, because arrangements for representation of a Louisiana plaintiff were entered into in this state and because of the contractual arrangements between *764 the Alabama law firm and the Louisiana law firm, minimal contacts were established.
Additionally, plaintiff claims that because the Accardo law firm deposited the money in the registry of the court for court costs expended by plaintiff, they have acknowledged plaintiff's entitlement to attorney's fees.

RES JUDICATA
La. R.S. 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. [Emphasis added.]
Our brothers on the The Fourth Circuit were confronted with the same question in a case strikingly similar to the instant one, in Murray, Murray, Ellis, Braden & Landry v. Minge, 516 So.2d 213 (La.App. 4 Cir. 1987), writ denied, 516 So.2d 369 (La. 1988). That case involved a law firm's attempt to recover fees from a successor attorney. The Fourth Circuit reversed a district court judgment which had sustained an exception of res judicata. The judgment on which the successor attorney based the claim of res judicata was a U.S. District Court ruling that dismissed a motion by the plaintiff attorneys to reopen a federal lawsuit for recognition of their fee contract with the client. The federal court ruled the motion was untimely because the dispute had been settled and the case had been dismissed. Thereafter the plaintiff attorneys proceeded in state court against the successor attorney, but were dismissed on the successory attorney's exception of res judicata.
The Fourth Circuit court in that case stated:
It is clear from a review of the court's opinion in Cuellar v. Macisaac [, 767 F.2d 917 (5th Cir.1985)] [the federal appellate review of the federal court's dismissal of plaintiffs' claim], supra that the only thing determined by the federal district court, and affirmed by the appellate court, was that pursuant to the federal rules of civil procedure Murray's motion to intervene had not been timely filed. Since the federal court never ruled upon the merits of Murray's case in any fashion we do not think that the issues in the case before us have been adjudicated, and hence the trial court improperly upheld the exception of Res Judicata. [Emphasis added.]
516 So.2d at 215.
Here, as in the Murray case, the ruling on which the exceptor relies is a dismissal of plaintiff's attempt to intervene in the Alabama proceeding. It made no ruling on the merits of plaintiff's claim. Accordingly, we conclude that this dismissal of plaintiff's intervention by the Alabama court cannot serve as the basis for maintaining a plea of res judicata in our case. Accordingly, we reverse and set aside that part of the judgment which dismisses plaintiff's lawsuit against the Accardo firm based on res judicata.

LACK OF JURISDICTION OVER THE PERSON
Plaintiff asserts the trial court erred in sustaining the declinatory exception *765 of lack of jurisdiction over the person filed by Duhé Alabama law firm. According to plaintiff, the Alabama attorneys' established minimum contacts with the State of Louisiana by virtue of their agency relationship with their Louisiana client, Penny Ancale. Therefore, plaintiff contends, a Louisiana court may exercise personal jurisdiction over the Alabama attorneys to determine their fee dispute. We reject this argument.
In order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 105 (La.1991), citing International Shoe Co. v. State of Washington, et al., 326 U.S. 310, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945).
Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful contacts is satisfied if the defendant has purposefully directed his activities at residents of the forum ... and the litigation results from alleged injuries that arise out of or relate to those activities.... By requiring that a defendant must have purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, the requirement ensures that he will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the the unilateral activity of another party or a third person.... Thus, where the defendant deliberately engaged in significant activities within a state, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require the defendant to submit to the burdens of litigation in that forum as well. [Emphasis added; citations omitted.]
de Reyes, supra at 106.
In order to satisfy the "minimum contacts" standards, the defendant's conduct in connection with the forum state must be such that it would reasonably anticipate being subject to that state's jurisdiction. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).
Once it has been decided that a defendant established such minimum contacts within the forum state, a presumption arises that jurisdiction is reasonable and the burden of proof and persuasion shifts to the defendant opposing jurisdiction to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King Corporation v. Rudzewicz, 471 U.S. 462, 477, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985); de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d at 106.
In our case, there was no evidence offered on the exception of lack of personal jurisdiction, simply argument by counsel. We cannot consider argument of counsel as evidence. We can look to the pleadings to try to ascertain factual allegations relating to the minimal contact issue.
In her response to the Becnel firm's original petition, Ancale asserted that, after dismissing Becnel as her counsel, she hired the Accardo firm and then the Duhé firm through the Accardo firm. Duhé filed suit in Alabama on her behalf.
The Duhé defendants filed a pleading styled as a Motion to Dismiss, which they subsequently incorporated into their exception of lack of jurisdiction over the person. In an amendment to that pleading, the Duhé defendants alleged that Ancale's *766 claim had been referred to the Duhé firm by the law firm of Vickers, Riis, Murray & Curran, which had been referred the matter by the Accardo firm. The Duhé defendants asserted that they discussed with Samuel Accardo the fact that "Ancale's statute of limitations was about to expire, that litigation would need to be initiated immediately, and that if any proceeds were received by [the Duhé firm], that said firm would forward a referral fee to Sammy Accardo instead of Vickers, Riis, Murray & Curran."
We are confronted with the question whether the argument and pleadings suffice, from an evidentiary standpoint, to consider the minimal contact issue. We think not. Argument and pleadings are not evidence. The one asserting jurisdiction based on minimal contacts has the burden to establish minimal contacts by competent evidence. de Reyes, supra at 107. Plaintiff's failure to seek to have notes of evidence taken in the trial court has denied this court the opportunity to weigh the evidence here.
We conclude, therefore, the trial judge properly dismissed plaintiff's suit against the law firm of Duhé, Barnard & Perloff, P.C. on grounds of lack of jurisdiction. Plaintiff simply failed to prove that the Duhé law firm has minimal contacts in Louisiana to establish jurisdiction in a forum in this state.
Accordingly, that part of the judgment dismissing the suit against the law firm of Accardo, Edrington and Golden is reversed and set aside. This matter insofar as that defendant is concerned is remanded to the trial court for further proceedings not inconsistent with this decree. That part of the judgment dismissing the law firm of Duhé, Barnard & Perloff, P.C. is affirmed.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] Law office of Robert M. Becnel was formerly Becnel, Landry and Becnel.