829 So.2d 573 (2002)
The LAW OFFICES OF ROBERT M. BECNEL, Formally Doing Business as, Becnel, Landry & Becnel,
v.
Penny B. ANCALE, Samuel Accardo, Jr., Accardo, Edrigton & Golden, A Professional Law Corporation, Bryan G. Duhe and Duhe, Barnard & Perloff P.C.
No. 02-CA-285.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2002.
*574 Diane K. Zink, LaPlace, LA, Counsel for Law Office of Robert M. Becnel, Formerly Doing Business as Becnel, Landry & Becnel, Plaintiff-Appellant.
Richard L. Edrigton, LaPlace, LA, Counsel for Accardo, Edrington & Golden, now known as The Law Offices of Richard L. Edrington, Defendant-Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This appeal involves a dispute between two law firms concerning the apportionment of attorney's fees obtained out of the proceeds of a settlement in a personal injury case. For the reasons stated herein, we affirm.
The facts of this case are not in dispute. On June 24, 1996, Louisiana resident Penny Ancale was injured at the Mobile Greyhound Park in Mobile, Alabama. Following this accident, Ms. Ancale retained Robert Becnel, a Louisiana attorney, to assist her in pursuing a claim for damages. On November 11, 1996, Ms. Ancale entered into a written employment contract in LaPlace, Louisiana with Robert Becnel in which she agreed to pay attorney's fees of 35% of the amount received by her in settlement of the claim. The contract also provided that in the event Ms. Ancale changed attorneys, she would be charged a fee of $175.00 per hour for legal work rendered by Becnel.
Thereafter, Ms. Ancale was referred by Mr. Becnel for medical care, and Mr. Becnel advanced money for the treatment of these physicians. Mr. Becnel also paid Ms. Ancale's outstanding physical therapy charges. The record also reflects that Mr. Becnel referred Ms. Ancale to an orthopedic surgeon, who eventually performed arthroscopic surgery on Ms. Ancale's knee. In addition, Mr. Becnel submitted a written settlement demand to Mobile Greyhound Park and its insurer, and Mobile Greyhound Park responded with a counter-offer of settlement. However, no lawsuit was filed on behalf of Ms. Ancale by Mr. Becnel.[1]
On May 1, 1998, Ms. Ancale informed Mr. Becnel by telephone that she no longer desired his representation in pursuing her claim. On May 4, 1998, Ms. Ancale retrieved her file from Mr. Becnel and formerly discharged Mr. Becnel and his law firm in writing.
Ms. Ancale subsequently retained the law firm of Accardo, Edrington & Golden to represent her in her personal injury claim and signed a contingency fee agreement *575 with that firm. On May 13, 1998, the Accardo firm referred the case to Duhe, Barnard & Perloff, a law firm located in Mobile, Alabama, and by letter dated June 1, 1998, these two firms agreed to a division of any attorney's fees obtained. On June 11, 1998, Bryan G. Duhe filed a complaint in the Circuit Court of Mobile County, Alabama on behalf of Penny Ancale against Gulf States Racing, Inc. d/b/a Mobile Greyhound Park, Inc.
On August 5, 1998, Robert Becnel filed an intervention into the Alabama lawsuit and also filed a notice of attorney's lien. This motion was denied by the trial court on October 6, 1998. Thereafter, on February 19, 1999, the written employment contract between Robert Becnel and Penny Ancale was filed and recorded with the Clerk of Court in St. John the Baptist Parish.
On February 22, 1999, Penny Ancale agreed to settle her claim against Mobile Greyhound Park for the sum of $74,500.00. Pursuant to the written agreement between the two law firms, the Duhe law firm transmitted a check to the Accardo law firm in the amount of $8,277.78, representing one-third of the total amount of attorney's fees earned. The Duhe law firm also deposited into the registry of the court in St. John the Baptist Parish the sum of $4,738.32 for medical expenses advanced by Robert Becnel. However, the parties could not agree on the division of the attorney's fees received by the Accardo firm. Accordingly, the Law Office of Robert M. Becnel filed the present lawsuit against the Accardo law firm seeking recovery of attorney's fees due under the contingency fee contract entered into by Mr. Becnel and Ms. Ancale.[2]
Following a bench trial, the trial court rendered judgment in favor of plaintiff and against defendant in the amount of $2,897.92, further stating that each party was responsible for their own court costs. The Law Office of Robert Becnel now appeals on the basis that the amount awarded is too low. Appellant argues that based on the amount of work performed by him on plaintiff's case, his share of the attorney's fees should be increased. Appellant also contends by this appeal that costs in this case have not been properly assessed.
Attorney's Fees
When an attorney is discharged without cause, the amount of the fee is to be determined according to the highest ethical contingency percentage to which the client contractually agreed in any of the contingency fee contracts which he executed. The amount prescribed in the contingency fee contract, not quantum meruit, is the proper form of reference for fixing compensation for the attorney prematurely dismissed without cause. The fee should be apportioned between the attorneys according to the respective services and contributions of the attorneys for work performed and other relevant factors which are set forth in the Code of Professional Responsibility. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102, 118 (La.1979).
*576 A trial judge has great discretion in setting an attorney fee. This award should not be modified on appeal absent a showing of abuse of discretion. Solar v. Griffin, 554 So.2d 1324, 1328 (La.App. 1st Cir.1989), writ denied, 558 So.2d 582 (La. 1990).
After reviewing the record, we are unable to find that the trial judge abused her discretion in apportioning the attorney fees between these two law firms. Although Mr. Becnel referred the plaintiff for medical treatment and made a settlement demand on defendants, no lawsuit had been filed at the time of Becnel's discharge, which was less than two months before prescription. Further, Mr. Becnel had not associated Alabama counsel even though he was not licensed to practice in the state of Alabama. Conversely, the Accardo firm immediately associated Alabama counsel who quickly filed a complaint in the Alabama district court and obtained a favorable settlement for the client. The record contains detailed time records maintained by the Accardo firm which amply supports an award of the earned fee to that firm.
Further, although appellant contends that the trial court erred in enforcing the terms of his contingency fee contract with the client to this fee dispute, Mr. Becnel failed to produce any type of time records indicating the number of hours he spent on this case. Under these circumstances, we find that the trial court's award to Mr. Becnel of 35% of the attorney's fee obtained by the Accardo firm to be reasonable. Accordingly, we will not disturb the trial court's apportionment of this fee which was well within its discretion.
Costs
By his next two assignments of error, appellant contends that appellate costs of the prior appeal he filed in this case should be borne by the Accardo firm which was the party cast in judgment. Appellant also contends that the trial court in the present case erred in failing to assess the party cast in judgment, the Accardo firm, with court costs at the trial level in this matter.
Both the trial and appellate courts are vested with discretion in the apportionment of costs. La.C.C.P. art.1920; La. C.C.P. art. 2164; Clement v. Clement, 554 So.2d 292, 293 (La.App. 5th Cir.1989). When the judgment is silent as to costs, however, C.C.P. art.1920 requires the trial court to assess the costs against the party cast in judgment. Id. at 293.
In the previous appeal in this court, the opinion rendered on September 26, 2000 was silent as to an award of appellate costs. Appellant did not seek a rehearing from this ruling, and that holding is now final. We decline to disturb the ruling in that case.
As to the costs in the trial court, the judgment specifically provided that each party is responsible for its own costs. The cases cited by appellant where the trial court judgment was silent as to costs are not applicable herein.
Generally, a prevailing party is not taxed with costs unless in some way he incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant. Laughlin v. Breaux, 515 So.2d 480, 485 (La.App. 1st Cir.1987). That rule denies to a trial judge the power either to refuse to award his or her own costs to a prevailing party or to assess another party's costs against a prevailing party unless some circumstances present in the case justify doing so. Muller Elec. Corp. v. E.I. Dupont De Nemours & Co., Inc., 450 So.2d 746, 749 (La.App. 5th Cir.1984).
*577 On review, a trial judge's assessment of court costs can be reversed by this court only on a showing of abuse of discretion. Ratcliff v. Mandeville, 551 So.2d 761 (La.App. 1st Cir.1989), writ denied, 556 So.2d 37 (La.1990). The record before us reveals no abuse of discretion in the trial court's assessment of costs, and we will therefore not disturb her ruling. See, Brown v. General Motors Corp., 95-245 (La.App. 5 Cir.1995), 662 So.2d 531, writ denied, 95-3034 (La.2/16/96), 667 So.2d 1055.
Conclusion
Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. Appellant is to bear all costs of this appeal.
AFFIRMED.
NOTES
[1] The prescriptive period in Alabama for personal injury actions is two years.
[2] The Law Office of Robert M. Becnel originally filed this suit for attorney's fees and costs against Penny Ancale. On May 21, 1999, he amended the suit to include as defendants both the Accardo firm and the Duhe firm. Ms. Ancale was dismissed from this suit by judgment dated July 14, 1999 on her exception of no cause of action On December 31, 1999, the Duhe firm was dismissed from this action on their exceptions of lack of personal jurisdiction and res judicata. Although the Accardo firm was dismissed on the same date on their exception of res judicata, this ruling was reversed by a panel of this court. The case was remanded to allow Becnel to pursue its claims against the Accardo firm. See, Law Offices of Becnel v. Ancale, 00-295 (La.App. 5 Cir. 9/26/00), 769 So.2d 761.