942 So.2d 601 (2006)
HOUSE OF RAEFORD FARMS OF LOUISIANA, L.L.C., Plaintiff-Appellee,
v.
Justus OSEI-TUTU, d/b/a Thanks Jesus Trucking, Defendant-Appellant.
No. 41,586-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2006.
*602 Stewart & Stewart by Jonathan M. Stewart, for Appellant.
Gold, Weems, Bruser, Sues & Rundell by B. Eric Crooker, Randall L. Wilmore, Alexandria, for Appellee.
*603 Before STEWART, GASKINS & LOLLEY, JJ.
LOLLEY, J.
Defendant Justus Osei-Tutu, d/b/a Thanks Jesus Trucking, appeals a default judgment taken against him by Plaintiff, House of Raeford Farms of Louisiana, L.L.C. Plaintiff sued Defendant for losses suffered by Defendant's failure to deliver a truckload of frozen chickens produced by Plaintiff. After several attempts to serve Defendant under the long arm statute, Plaintiff took a default judgment against Defendant for $34,622.34, plus $5,000 in attorney fees. For the reasons stated herein, we amend the judgment and, as amended, affirm.

FACTS
Plaintiff regularly hired Defendant to transport frozen chickens from Arcadia to Texas. On March 4, 2005, Defendant picked up a load of frozen chickens worth $34,622.34, which he failed to deliver. According to Plaintiff, it sent invoices to Defendant for the lost goods, and he agreed to make payments, but never did. Attorneys for Plaintiff sent Defendant an amicable demand for payment by certified letter, return receipt requested, dated July 22, 2005. Defendant received the letter on July 26, 2005. Plaintiff filed this instant suit on November 14, 2005.
On November 18, 2005, Plaintiff sent Defendant a certified copy of the petition and long arm citation, including a warning that failure to comply would result in default judgment. The petition and citation were sent by certified mail to Defendant's registered address and were returned unclaimed after three attempted deliveries. Plaintiff confirmed the registered address with the post office.
The trial court entered a preliminary default on January 26, 2006, after Defendant failed to respond to the citation. On March 20, 2006, Plaintiff filed a Motion for Confirmation of Default, attaching a copy of the demand letter, an invoice for Defendant's account and an affidavit of correctness executed by Michelle Caughman, credit manager for Plaintiff. Plaintiff's attorney certified that the suit was on an open account, that the required number of days had elapsed after the receipt of the demand letter and the filing of the suit, that Plaintiff had issued service and that the court had entered a preliminary default. The Clerk of Court certified on March 20, 2006, that no answer or responsive pleadings had been filed. Finding that Plaintiff's evidence established a prima facie case and that no hearing was necessary, the trial court rendered judgment for $34,622.34 in favor of the Plaintiff, plus $5,000 in attorney fees. Defendant appeals. For the reasons stated below, we reverse the award of attorney fees and affirm the remainder of the judgment.

DISCUSSION
Defendant assigns as error the characterization of this case as an action on an open account. Louisiana Revised Statute 9:2781(C) provides that an:
`open account' includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. `Open account' shall include debts incurred for professional services, including but not limited to legal and medical services.
Further, inherent in the concept of an open account is that the account is for services or goods rendered by the debtor. Mine & Smelter v. Ceres Gulf, Inc., 526 So.2d 404 (La.App. 4th Cir.1988). In Mine & Smelter, the plaintiff hired the defendant *604 to haul equipment and then sued the defendant on an open account for damages that the defendant caused to the equipment. The appellate court refused to recognize the cause of action as an open account because, in part, the "claim for payment was not due for purchases or services rendered, as the open account statute contemplates." Id. (Emphasis added.) Likewise, the case sub judice arises from a service rendered for debtor-Plaintiff and not by him. The mere creation of a debt owed to a plaintiff does not give him an action on an open account. Plaintiff's claim is, therefore, not an open account.
Defendant's next assignment of error is that the trial court erred in confirming the default judgment without requiring sufficient proof. Confirmation of a default judgment requires the plaintiff to present sufficient proof to establish a prima facie case. La. C.C.P. art. 1702. The plaintiff establishes a prima facie case by proving the essential allegation of the petition to the same extent as if the defendant had specifically denied the allegations. Thibodeaux v. Burton, 538 So.2d 1001 (La. 1989); Martin v. Sanders, 35,575 (La. App.2d Cir.1/23/02), 805 So.2d 1209. In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. Martin, supra.
Although a presumption exists that the evidence presented supports a default judgment, this presumption does not attach when the record of the confirmation hearing is before the appellate court. Crump v. Bank One Corp., 35,990 (La.App.2d Cir.5/8/02), 817 So.2d 1187. In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment is based was sufficient and competent. Crump, supra; Bordelon v. Sayer, 01-0717 (La.App. 3d Cir.3/13/02), 811 So.2d 1232, writ denied, 02-1009 (La.6/21/02), 819 So.2d 340. On appeal, the record of a default confirmed without a hearing contains the entirety of the evidence before the trial judge and the appellate court is able to determine whether the evidence was competent and sufficient. The presumption is unnecessary and does not attach. See Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (La. 1972).
The evidence contained in the record shows that Plaintiff established a prima facie case with sufficient evidence of Defendant's liability under La. C.C. art. 2754. That article creates liability on carriers for the loss or damage to things intrusted in their care, unless the carrier can prove the damage was cause by accidental and uncontrollable events. To establish a prima facie case against a carrier for damage to goods, the claimant must prove (1) receipt by the carrier in good condition, (2) arrival in a damaged condition and (3) the amount of the loss. Hornsby v. Richard, 460 So.2d 735 (La. App. 3d Cir.1984). After a claimant establishes these elements, the burden is on the carrier to prove that the loss resulted by accidental or uncontrollable events. Id. Damages for loss of freight are computed by the difference between market value of property in condition in which it should have arrived at place of destination and its market value in damaged condition in which it actually did arrive. Rabon v. Red Ball Motor Freight, Inc., 292 So.2d 332 (La.App. 2d Cir.1974).
Plaintiff proved a prima facie case through the affidavit of correctness and the invoice attached to the motion for confirmation. The sworn affidavit of correctness of Michelle Caughman, credit manager for Plaintiff, establishes that the *605 chicken was delivered to Defendant in good condition, that the Defendant failed to deliver the chicken and that the amount of loss to the Plaintiff was $34,622.34. Proof of failure to deliver is sufficient proof of the damaged condition of the goods. See, e.g., Hornsby, supra. Further, the attached invoice shows a balance of $34,622.34 and establishes the amount of loss. The complete failure to deliver renders the chicken to have no market value at delivery to off set against its market value while in possession of Defendant. The affidavit of correctness swears out that all credits and payments were accounted for in the amount. Based on this evidence, we conclude that Plaintiff put forth sufficient evidence to establish his prima facie case and confirmation of his default judgment was proper.
Finally, Defendant also challenges the award of attorney fees. At oral argument, Plaintiff's counsel correctly admitted that he has no basis for attorney fees if this action was not an open account; accordingly, we reverse the award of attorney fees. We, therefore, pretermit any discussion of Defendant's point of error challenging the amount of attorney fees awarded.
In summary, although improperly styled as an open account, Plaintiff submitted sufficient proof of competent evidence to establish his prima facie case. Default judgment was proper.[1]

CONCLUSION
The confirmation of default judgment in the amount of $34,622.34 is affirmed. The trial court, however, erred in awarding attorney fees because this case is not properly considered a suit on an open account. Accordingly, we reverse the award of attorney fees. Costs are assessed equally to both parties.
AMENDED, AND, AS AMENDED, AFFIRMED.
NOTES
[1] In his "issues presented for review," Plaintiff also contends that the trial court erred by confirming the default judgment without a hearing. Plaintiff did not argue this issue in his brief or at oral argument. The issue is abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4.