# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 07-1035

**FRENCH MARKET FOODS OF LA., INC.**

**VERSUS**

**ATTERBERRY IDEALEASE, INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
LAKE CHARLES CITY COURT,
PARISH OF CALCASIEU, NO. 07-1317
HONORABLE JOHN S. HOOD, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses G. Thibodeaux, Chief Judge, Sylvia R. Cooks and Jimmie C. Peters, Judges.

**AFFIRMED AS AMENDED.**

**R. William Collings**
**Collings & Collings, A.P.L.C.**
**3434 Common Street**
**Lake Charles, LA 70607**
**(337) 477-4725**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **French Market Foods of La., Inc.**

**J. Patrick Hennessy**
**Attorney at Law**
**Post Office Box 91**
**Shreveport, LA 71161-0091**
**(318) 221-8000**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Twin State Trucks, Inc.**

PETERS, J.

In this appeal, Twin State Trucks, Inc., d/b/a Twin State Idealease (Twin State), seeks reversal of a default judgment for $10,083.24 plus attorney fees rendered against it in favor of French Market Foods of Louisiana, L.L.C. (French Market). For the following reasons, we reverse the award of attorney fees but affirm the remainder of the judgment.

## DISCUSSION OF THE RECORD

On May 21, 2007, French Market filed suit against Twin State and another defendant, Atterbery Idealease, Inc. (Atterbery). In its petition, French Market stated the following concerning its claim for damages:

> Plaintiff executed a Vehicle Lease and Service Agreement with Atterbery Idealease, Inc. on August 30, 2006 regarding a 2007 International 4300LP, VIN 1HTMNAAL07II525169. At the request of plaintiff, this vehicle underwent some modifications (installation of a handrail) which were performed at the facility of the defendant, Twin State Idealease. Defendant, Atterbery Idealease, Inc. contracted with the defendant, Twin State Idealease, for the performance of these modifications. During the course of these modifications, the serviceman at Twin State Idealease disconnected the battery and failed to reconnect the battery after the modifications were completed. This vehicle is a refrigerated truck which contained plaintiff's product at the time the battery was disconnected. The prolonged disconnection of the battery resulted in the loss of plaintiff's product valued at $10,083.24, an itemization of which is attached hereto and made a part hereof.

French Market attached to its petition (1) a copy of an April 26, 2007 demand letter, addressed to both Twin States and Atterbery, advising the two entities of the particulars of its claim and making demand for payment of $10,083.24 as the value of the lost product and an additional $3,357.72 (one-third of the amount of damage claimed) as attorney fees, and (2) an itemized statement setting forth the specific products lost and the value of each.

Twin State received service and citation of the petition on May 31, 2007, but failed to timely answer or otherwise respond to the suit.[1]  On July 3, 2007, at the written request of French Market, the trial court rendered judgment against Twin State and in favor of French Market in the amount of $10,083.24, interest, court costs, and attorney fees in the amount of one-third of the principal and interest.  Twin State has appealed this judgment asserting three assignments of error:  (1)  the trial court erred in rendering a judgment in this matter without a hearing in open court; (2) the trial court erred in rendering a judgment in this matter on the basis of inadmissible and insufficient evidence; and (3) the trial court erred in awarding attorney fees.

## OPINION

### *Assignment of Error No. 1*

Twin State first asserts that the trial court erred in entering a default judgment without first having a hearing in open court.  It bases this assertion on the argument that the underlying request for relief is delictual in nature, thus requiring a hearing before relief can be granted.[2]  In considering this assignment of error, we first note that La.Code Civ.P. art. 4904(C) provides that, in city court, "[w]hen the sum due is on an open account, promissory note, negotiable instrument, or other conventional obligation, a hearing in open court shall not be required unless the judge in his discretion directs that such a hearing be held."  The obvious implication to this language is that if the claim does not fit within any of these categories, a hearing is required.

---

[1]Atterbery was served and timely filed an answer.  Therefore, any claim that French Market may have against that defendant is not before us.

[2]Both litigants in this appeal make reference to La.Code Civ.P. art. 1701, *et seq.*, in their arguments.  However, default judgments in city courts are governed by La.Code Civ.P. art. 4904.

In the matter now before us, Twin State's failure to reconnect the battery sounds in negligence, not in contract. However, as pointed out by French Market in its brief, the negligent act arose from a custodial arrangement whereby French Market delivered the truck it had leased from Atterbery to Twin State for the completion of certain modifications not related to the truck's cargo. In doing so, it expected Twin State to preserve the truck and its cargo as delivered, and to return it in kind. This relationship, French Market asserts, is that of the conventional obligation of deposit. We agree.

Louisiana Civil Code Article 2926 describes a deposit relationship as "a contract by which a person, the depositor, delivers a movable thing to another person, the depositary, for safekeeping under the obligation of returning it to the depositor upon demand." The delivery of a car to a repairman constitutes a compensated deposit. *Alexander v. Qwik Change Car Ctr.*, 352 So.2d 188 (La.1977); *Kirshner v. Johnson*, 521 So.2d 697 (La.App. 1 Cir. 1988). Thus, defendant was a compensated depositary under Louisiana law.

Because a contract of deposit is a conventional obligation, La.Civ.Code art. 2927, a hearing in open court is not required. La.Code Civ.P. art. 4904(C). Therefore, we find no merit in this assignment of error.

### Assignment of Error No. 2

In its second assignment of error, Twin State asserts that the trial court erroneously rendered its judgment on the basis of inadmissible and insufficient evidence.

> In a suit against a depository, the depositor initially has the burden of proving the existence of the contract of deposit and that the thing deposited was not returned or was damaged. From proof of these facts, it may reasonably be inferred that the depository has not acted as a

3

> prudent administrator, and, thus, the depositor has established a *prima facie* case of liability against the depository. Thereafter, the burden is on the depository to exonerate himself from fault.

*Polk Chevrolet, Inc. v. Webb*, 572 So.2d 1112, 1115 (La.App. 1 Cir. 1990), *writ denied*, 575 So.2d 394 (La.1991) (citations omitted).

In support of its written request for judgment, French Market attached copies of the invoice and collection letter which were made a part of the original petition, as well as an affidavit of Larry J. Avery, who is described in the affidavit as the limited liability company's managing member. In his affidavit, Mr. Avery asserted that the allegations of fact found in the pleadings were "true and correct, to the best of his knowledge, information and belief." Based on the record before it, the trial court rendered judgment as previously described.

Louisiana Code of Civil Procedure Article 4904(B) provides that, in city court, a final judgment must be based on "relevant and competent evidence which establishes a prima facie case." Additionally, "[i]n order for a plaintiff to obtain a default judgment, 'he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant.' " *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254, 1258 (La.1993), quoting *Thibodeaux v. Burton*, 538 So.2d 1001, 1004 (La.1989). Twin State asserts that the evidence presented did not meet that burden.

The general rule is that a default judgment is presumed to be correct and to have been rendered upon sufficient evidence. *Perkins v. Fontenot*, 548 So.2d 369 (La.App. 3 Cir. 1989). However, when, as here, the record of a default confirmed without a hearing contains the entirety of the evidence before the trial judge, the appellate court is able to determine whether the evidence was competent and

4

sufficient. The presumption is then unnecessary and does not attach. *House of Raeford Farms of La., L.L.C. v. Justus Osei-Tutu*, 41,586 (La.App. 2 Cir. 11/1/06), 942 So.2d 601. The trial court's conclusion concerning the evidence's sufficiency presents a factual issue, which this court will not reverse absent a finding of manifest error. *Bordelon v. Sayer*, 01-717 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, *writ denied*, 02-1009 (La. 6/21/02), 819 So.2d 340. The manifest error standard of review obligates appellate courts to give great deference to the trial court's findings of fact. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

We find no manifest error in the trial court's conclusion that French Market proved a prima facie case. The evidence established that the refrigerated truck was delivered to Twin States for repair while it was loaded with $10,083.24 in perishable foods, and that the foods were irreparably damaged while the truck was in the possession of Twin States. *See House of Raeford Farms of La.*, 942 So.2d 601 (finding that a sworn affidavit of correctness and an invoice were sufficient to establish that chicken was delivered to the defendant in good condition, that the defendant failed to deliver the chicken, and further established the amount of loss to the plaintiff.)

### *Assignment of Error No. 3*

Finally, Twin State asserts that the trial court erred in awarding attorney fees. We agree. It is well-established that attorney fees are not allowed except where authorized by statute or contract. *State, DOTD v. Williamson,* 597 So.2d 439 (La.1992). We have found no statute providing for attorney fees when a plaintiff sues to recover from a depositary, and French Market did not introduce evidence of a

contract providing for attorney fees. Accordingly, we find that the trial court erred in awarding attorney fees.

## DISPOSITION

For the foregoing reasons, we reverse the trial court's award of attorney fees, and affirm the default judgment as amended. We assess all costs of this appeal to Twin State Trucks, Inc., d/b/a Twin State Idealease.

**AFFIRMED AS AMENDED.**