996 So.2d 634 (2008)
STRONG HARDWOOD FLOORS, LLC d/b/a Strong Flooring Co.
v.
Mark TREADWAY & Paul Menasco.
No. 08-CA-357.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 2008.
*635 Lee W. Rand, New Orleans, Louisiana, for Plaintiff/Appellee, Strong Hardwood Floors, LLC d/b/a Strong Flooring Co.
George Pivach, II, Corey E. Dunbar, Pivach, Pivach, Hufft, Thriffiley & Nolan, L.L.C., Belle Chasse, Louisiana, for Defendant/Appellant, Mark Treadway.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and MADELINE JASMINE.
MADELINE JASMINE, Judge Pro Tempore.
Defendant, Mark Treadway, appeals a default judgment rendered against him in favor of plaintiff, Strong Hardwood Floors, L.L.C. d/b/a Strong Flooring Co. (Strong). On appeal, he argues 1) that Strong failed to present a prima facie case and that there was no evidence of indebtedness by Treadway to Strong; 2) the trial court erred in treating the contract between the parties as an open account; 3) the trial court erred in granting default judgment for a construction contract when the parties disputed the quality of workmanship and completion of the contract; 4) the trial court erred in awarding attorney's fees, and the trial court erred in granting the default judgment where appellant was never served with the suit.
After thorough consideration, we find merit to the first Assignment of Error. We reverse the default judgment and remand.
The petition alleged that defendants, Mark Treadway and Paul Menasco, are indebted to plaintiff for the sum of $5,699.00, that notice was sent by certified mail and was returned unclaimed, and that defendant(s) had made payments on said account, leaving a balance due of $5,699.00, which was past due since April 26, 2007. Plaintiff prayed for a judgment in its favor, together with legal interest from date of judicial demand, and 25% attorney's fees and all costs.
Attached to the petition was a verification by Delbert Strong, member/manager of the plaintiff, who stated that he was familiar with the account of "defendants," that Treadway was a licensed contractor and Menasco the owner of the property at issue, and that a balance of $5,699.00 was due on said account. Another attachment purports to be a contract between Strong Flooring Co. and Paul Menasco for the installation of hardwood floors at Menasco's home with a total price of $13,291.00. Treadway's name fails to appear on this contract.
Defendant, Paul Menasco, answered the petition and filed a reconventional demand. Plaintiff moved to appoint a special process server to serve appellant with this suit. A return of service was filed into the record on December 6, 2007, attesting that personal service had been made upon Mark Treadway on October 15, 2007.
Plaintiff moved for confirmation of default on December 6, 2007. In addition to the attachments to the petition, plaintiff filed an Affidavit of Non-Military Service and Correctness of Account and/or Note. *636 Therein, Delbert Strong asserted that he was fully acquainted with the account of Mark Treadway; that plaintiff was the owner and holder of a promissory note herein sued upon and that $5,699.00 was the true amount owed to plaintiff on that note or open account. Upon this evidence, the trial court granted judgment in favor of Strong and against Treadway in the amount of $5,699.00, plus legal interest and 25% attorney's fees.
In the first Assignment of Error, Treadway argues that Strong failed to present a prima facie case and that there was no evidence of indebtedness by Treadway to Strong. We agree. The contract submitted by plaintiff is between Strong Flooring and Paul Menasco. Nowhere does it contain the name of Mark Treadway. There is nothing in this document showing that defendant, Mark Treadway, had any relationship, much less owed this or any debt, to Strong Flooring. The only "evidence" plaintiff presented was Delbert Strong's affidavit stating that 1) he was a member/manager of plaintiff; 2) he was duly authorized to make the affidavit; 3) he was familiar with the account of PAUL MENASCO and MARK TREADWAY; 4) that Mark Treadway is a licensed general contractor; 5) that Paul Menasco owns the property at issue; 6) the amount of the balance due and owing on said account. This affidavit is not sufficient, in and of itself, to establish that Mark Treadway had any account with plaintiff, given that the contract submitted by the plaintiff, which was the only non-hearsay evidence, was between plaintiff and Menasco only.
A plaintiff seeking to confirm a default judgment must prove both the existence and the validity of his claim. LSA-C.C.P. art. 1702(A). Confirmation of a default judgment requires "proof of the demand sufficient to establish a prima facie case." La.Code Civ. Proc. art. 1702(A). A prima facie case is established when the plaintiff proves the essential allegations of the petition, with competent evidence, to the same extent as if the allegations had been specifically denied. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993). The plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits. Sessions & Fishman, 616 So.2d at 1258.
The general rule is that a default judgment is presumed to be correct and to have been rendered upon sufficient evidence; however, when the record of a default confirmed without a hearing contains the entirety of the evidence before the trial judge, the appellate court is able to determine whether the evidence was competent and sufficient, and the presumption is then unnecessary and does not attach. French Market Foods of La., Inc. v. Atterberry Idealease, Inc., 07-1035 (La.App. 3 Cir. 1/30/08), 975 So.2d 152.
Plaintiff failed to submit any objective, non-hearsay evidence that shows defendant, Treadway, is indebted to it. Accordingly, the default judgment must be reversed. Because of this finding, we pretermit discussion of the remaining Assignments of Error, except to state that on the grounds of insufficiency of service and process, once a default judgment has been rendered by the court, the defendant's sole remedy is a suit to annul the judgment, not by an appeal. Rivera v. Blossom, 03-1629 (La.App. 4 Cir. 4/7/04), 872 So.2d 541.
Accordingly, the judgment of the trial court is reversed, and the matter remanded for further proceedings.
REVERSED AND REMANDED.