TERRI F. LOVE, Judge.
 

 | iRob’s Cleaning & Powerwash, Inc. appeals from a default judgment rendered in favor of Garco, Inc. The record does not contain a transcript of the default proceedings, nor does it contain any documentary evidence in support of the default judgment. We find that Garco, Inc. failed to establish a prima facie case to support the court’s confirmation of the default judgment. We, therefore, vacate the default judgment and remand to the trial court for further proceedings.
 

 
 *388
 
 FACTUAL & PROCEDURAL HISTORY
 

 The appellee, Garco, Inc. (hereinafter “Appellee” or “Garco”), filed suit in the Civil District Court for the Parish of Orleans against Mr. Robert R. Perry, d/b/a Rob’s Cleaning & Powerwash, Inc. (hereinafter “Appellant” or “RCPI”). Garco’s petition alleged that it entered into a contract with RCPI in July 2006 to provide laborers to RCPI. Garco also alleged in its petition that it was not paid for the labor it provided.
 

 On April 17, 2007, Garco obtained a preliminary default judgment against RCPI. On June 18, 2007, the trial court confirmed the default judgment against |aRCPI for the amount claimed in Garco’s petition plus legal interest and costs. RCPI appeals, claiming: 1) Garco obtained private process server without a court order and failed to comply with the requirements of La.Code Civ. Proc. art. 1293; 2) the affidavit of the private process server did not comply with La.Code Civ. Proc. art. 1292; and 3) the trial court failed to conduct a confirmation hearing, and no evidence was submitted to establish a prima facie case against RCPI.
 

 JURISDICTION
 

 The trial court rendered judgment against RCPI by default on June 18, 2007, however RCPI did not lodge this appeal until October 7, 2008. RCPI maintains that the Notice of Signing of Judgment was dated July 15, 2008, and RCPI contends that it is properly before this Court because the appellate delays did not commence until that date.
 

 It is “well settled that ... delays do not begin to run until proper notice is mailed by the clerk.”
 
 Police Jury of the Parish of Ascension v. Shaffett,
 
 95-0147, p. 4 (La.App. 1 Cir. 10/06/95), 671 So.2d 478, 480. La.Code Civ. Proc. art. 1913 provides in pertinent part:
 

 Art.1913. Notice of judgment
 

 A. Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article' 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.
 

 B. Notice of the signing of a default judgment against a defendant on whom citation was not served personally, or on whom citation was served through the secretary of state, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service, or in the case of a defendant originally served through the secretary of state, by service on the secretary of state.
 

 |3C. Notice of the signing of a default judgment against a defendant on whom citation was served personally, and who filed no exceptions or answer, shall be mailed by the clerk of court to the defendant at the address where personal service was obtained or to the last known address of the defendant.
 

 D. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
 

 In the absence of the clerk’s certificate showing the date of the mailing of the judgment and to whom it was mailed, doubt should be resolved in favor of the right to appeal.”
 
 Moon v. Moon,
 
 244 So.2d 301, 302 (La.App. 1 Cir.1970). The jurisdiction of the appellate court attaches upon the granting of the order of appeal. La.Code Civ. Proc. art. 2088.
 

 The trial court entered a preliminary default judgment against RCPI on April
 
 *389
 
 13, 2007. On June 18, 2007, the trial court confirmed the preliminary default and entered a judgment in favor of Garco in the amount of $140,000.00 with legal interest from the date of judicial demand until paid and all costs of the proceeding. The record contains a “Notice of Signing of Judgment” dated July 15, 2008. The date that RCPI received the notice does not appear in the record.
 

 We find that the thirty-day delay for taking this appeal commenced on July 23, 2008, the day after the expiration of the delay for applying for a new trial.
 
 [1]
 
 Thus, the last day for perfecting this appeal was August 21, 2008. A motion for suspensive appeal was filed on August 8, 2008, and the trial court | ¿signed the instant order for appeal on August 14, 2008. Thus, we find RCPI’s suspensive appeal is timely.
 

 PRIVATE PROCESS SERVER
 

 RCPI first assigns error to the trial court’s granting of a default judgment in favor of Garco without sufficient service of process. RCPI maintains that the use of a private process server was not ordered by the trial court and was therefore improper.
 

 An objection to the sufficiency of service of process is generally raised by the filing of a declinatory exception and all objections which may be raised are waived unless pleaded therein. La.Code Civ. Proc. art. 925(C). “Where a judgment has been entered against a defendant, the question of sufficiency of service of process may not be raised for the first time on appeal.”
 
 Brown v. Williams,
 
 36,863, p. 13 (La.App. 2 Cir. 7/31/03), 850 So.2d 1116, 1125. Rather, the issue is properly raised in a suit to annul the judgment.
 
 Sharff' v. Tanner,
 
 486 So.2d 1047 (La.App. 2 Cir. 1986);
 
 Decca Leasing Corp. v. Torres,
 
 465 So.2d 910 (La.App. 2 Cir.1985). We therefore find that RCPI’s assignment of error as to sufficiency of service is not properly before this Court.
 

 SUFFICIENCY OF EVIDENCE
 

 RCPI alleges that Garco failed to submit any evidence to establish a prima facie case. Further, RCPI contends that no hearing was conducted in open court to confirm the default judgment and submits that Garco did not comply with the requirements set forth in La.Code Civ. Proc. art. 1702.1.
 

 Louisiana Code of Civil Procedure Article 1702 provides in pertinent part that a judgment of default must be confirmed as follows:
 

 IfiArt. 1702. Confirmation of default judgment
 

 A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima fa-cie case (emphasis added)....
 

 B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima fa-cie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
 

 
 *390
 
 [[Image here]]
 

 La.Code Civ. Proc. art. 1702.
 

 The record does not contain a transcript of a confirmation hearing nor does it otherwise reflect that a confirmation hearing was conducted by the trial court. The following required information and certifications are necessary for a confirmation of default judgment without a hearing in open court:
 

 Art. 1702.1. Confirmation of default judgment without hearing in open court; required information; certifications
 

 A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include in an itemized form with the motion and judgment a certification that the suit is on an open account, promissory note, or other negotiable instrument, on a conventional obligation, or on a check dishonored for nonsufficient funds, and that the necessary invoices and affidavit, note and affidavit, or check or certified reproduction thereof are attached. If attorney fees are sought under R.S. 9:2781 or 2782, the attorney shall certify that fact and that a copy of the demand letter and if required, the return receipt showing the date received by the debtor are attached and that the number of days required by R.S. 9:2781(A) or 2782(A), respectively, have elapsed before suit was filed.
 

 B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed.
 

 |fiLa.Code Civ. Proc. art. 1702.1.
 

 “In order for a plaintiff to obtain a default judgment, ‘he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant.’
 
 ” Balakrishnan v. Louisiana State University School of
 
 Medicine, 05-1266, 05-1503, pp. 3-4 (La. App. 4 Cir. 9/13/06), 939 So.2d 595, 597
 
 (citing Sessions & Fishman v. Liquid Air Corp.,
 
 616 So.2d 1254 (La.1993)). “In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits.”
 
 Thibodeaux v. Burton,
 
 538 So.2d 1001, 1004 (La.1989). The plaintiff must establish the elements of a prima facie case as fully as though each allegation in the petition had been denied.
 
 Orleans Sheet Metal Works and Roofing, Inc. v. Landis Company, Inc.,
 
 96-0029 (La.App. 4 Cir. 7/24/96), 678 So.2d 73, 74. A general rule is that a default judgment is presumed correct and rendered upon sufficient evidence.
 
 French Market Foods of La., Inc. v. Atterberry Idealease, Inc.,
 
 07-1035, p. 4 (La.App. 3 Cir. 1/30/08), 975 So.2d 152, 156
 
 (citing Perkins v. Fontenot,
 
 548 So.2d 369 (La.App. 3 Cir.1989). “However, when, as here, the record of a default confirmed without a hearing contains the entirety of the evidence before the trial judge, the appellate court is able to determine whether the evidence was competent and sufficient.”
 
 French Market Foods of La., Inc.,
 
 07-1035, pp. 4-5, 975 So.2d at 156. “The presumption is then unnecessary and does not attach.”
 
 Id.
 
 (citing
 
 House of Raeford Farms of La., L.L.C. v. Justus Osei-Tutu,
 
 41,586, p. 4 (La.App. 2 Cir. 11/1/06), 942 So.2d 601, 604).
 

 
 *391
 
 To establish a prima facie case, Garco must prove that RCPI undertook an obligation to perform certain tasks, that RCPI breached that obligation, and that the breach of contract resulted in damages to Garco.
 
 14-36 Jackson Joint Venture v. World Constr. Co.,
 
 499 So.2d 426, 427 (La. App. 4 Cir.1986). A default judgment is not permitted to make an award or grant relief different in kind from that demanded in the petition and can only include damages proven to be due as a remedy.
 
 Spear v. Tran,
 
 96-1490, p. 6 (La.App. 4 Cir. 9/18/96), 682 So.2d 267, 271.
 

 Garco attached to its petition an alleged agreement between Garco and RCPI and an invoice allegedly submitted by RCPI to Garco requesting payment for manpower on the project site listed in the agreement. The agreement attached to the petition provides that:
 

 • Garco and RCPI entered into contract whereby Garco was to provide approximately 50 regular employees to RCPI as laborers at a specific project site.
 

 • Laborers are to work “directly under [RCPI’s] supervision and control and fully at [RCPI’s] direction.
 

 • Laborers are to “perform all sheetrock work on the named premises in a satisfactory manner” until the job is completed.
 

 • RCPI agrees to pay laborers an agreed upon price per hour in a timely manner or every two weeks, whichever is sooner.
 

 • RCPI agrees to make each periodic payment for all employees in a lump sum payment to Garco; Garco will then disperse payment individually to laborers.
 

 • RCPI understands and agrees that it is not to make payment to Laborers.
 

 |8The trial court rendered judgment against RCPI for $140,000.00. However, the invoice attached to the petition by Appellee was for $107,000.00. Appellee alleged in its petition that it sustained economic losses in the amount of $140,000.00 as a result of RCPI’s breach, but Appellee did not attach any information other than a purported invoice submitted by RCPI to Appellee for $107,000.00. The attached agreement also provides that “[a]ny dispute as to the provision of this agreement shall be litigated and resolved in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.”
 

 The record does not reflect that any affidavits, evidence or testimony were offered to corroborate Garco’s allegations that RCPI breached the contract and that the resultant damages claimed in excess of the attached invoice were incurred because of this breach. Arguments and pleadings are not evidence.
 
 Law Offices of Robert M. Becnel v. Ancale,
 
 00-295, p. 6 (La.App. 5 Cir. 9/26/00), 769 So.2d 761, 766. Thus, there is insufficient evidence in the record to support the allegations outlined in the petition. We find that the trial court erred in granting a default judgment.
 

 DECREE
 

 The June 18, 2007 default judgment is hereby vacated and we remand this matter to the trial court for further proceedings in accordance with law.
 

 JUDGMENT VACATED AND REMANDED.
 

 [1]
 

 . The delay for applying for a new trial is seven days, exclusive of legal holidays, and commences to run on the day after the clerk has mailed (or the sheriff has served) the notice of judgment as required by Article 1913. La.Code Civ. Proc. art. 1974. La.Code Civ. Proc. art. 2123 provides that a suspensive appeal may be taken within thirty days of the expiration of the delay for applying for new trial. Appellate delays for suspensive appeals do not commence until after the expiration of this seven day period even if no Motion for New Trial is filed, or is untimely filed. La. Code Civ. Proc. art. 2123.